IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ANTHONY BUTLER,<br>　　　Plaintiff | * |
| | * |
| v. | CIVIL ACTION NO. JFM-06-3079 |
| | * |
| JUDGE JOHN PERVIS,<br>　　　Defendant | * |

\*\*\*\*\*\*

## **MEMORANDUM**

　　Plaintiff brings this pro se action against Circuit Court for Baltimore City, Maryland Judge John Prevas.[1]   He asserts jurisdiction under 42 U.S.C. § 1983.  Plaintiff complains that Judge Prevas acted improperly during the coarse of his state criminal proceedings. Paper No. 1.

　　Plaintiff has filed a Motion for Leave to Proceed in Forma Pauperis.  Because he appears indigent, same shall be granted pursuant to 28 U.S.C. § 1915(a).   Upon review of the complaint, the court concludes that it shall be dismissed under the provisions of 28 U.S.C. § 1915(e).  *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

　　The defense of absolute immunity extends to "officials whose special functions or constitutional status requires complete protection from suit." *Harlow v. Fitzgerald*, 457 U.S. 800, 807 (1982).   Judges, whether presiding at the state or federal level, are clearly among those officials who are entitled to such immunity. *Stump v. Sparkman*, 435 U.S. 349 (1978).  Because it is a benefit to the public at large, "whose interest it is that the judges should be at liberty to exercise their functions with independence and without fear of consequences," *Pierson v. Ray*,

---

[1] The Clerk shall be directed to amend the docket to reflect the correct spelling of Defendant's name as John Prevas.

386 U.S. 547, 554 (1967), absolute immunity is necessary so that judges can perform their functions without harassment or intimidation.  "Although unfairness and injustice to a litigant may result on occasion, 'it is a general principle of the highest importance to the proper administration of justice that a judicial officer, in exercising the authority vested in him, shall be free to act upon his own convictions, without apprehension of personal consequences to himself.'"  *Mireles v. Waco*, 502 U.S. 9, 10 (1991), *quoting Bradley v. Fisher*, 13 Wall. 335, 20 L.Ed. 646 (1872).  Moreover, the law is well-settled that the doctrine of judicial immunity is applicable to actions filed under 42 U.S.C. § 1983.  *Stump*, 435 U.S. at 356.

In determining whether a particular judge is immune, inquiry must be made into whether the challenged action was "judicial," and whether at the time the challenged action was taken, the judge had subject matter jurisdiction.  *See Stump*, 435 U.S. at 356.  Unless it can be shown that a judge acted in the "clear absence of all jurisdiction," absolute immunity exists even when the alleged conduct is erroneous, malicious, or in excess of judicial authority.  *Id*. at 356-57.

A review of plaintiff's allegations against defendant does not compel the conclusion that Judge Prevas acted in clear absence of jurisdiction, notwithstanding plaintiff's contention that his conviction was reversed on appeal due to the conduct of Judge Prevas during plaintiff's criminal trial.  Rather, plaintiff's lawsuit is exactly the type of action that the *Pierson* Court recognized as necessitating the doctrine of judicial immunity.  Because judicial immunity precludes the plaintiff's recovery against defendant,  sua sponte dismissal of plaintiff's claim is appropriate.  A separate Order follows.

<u>January 16, 2007</u>              /s/_____
Date                              J. Frederick Motz
                                  United States District Judge